IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS LOCAL NO. 10, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 16-0488-CV-W-REL ) |
| ACME ERECTORS, INC., and HCH CONSTRUCTION, INC., | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

Before the court are motions to dismiss the complaint on the ground that the complaint fails to include facts to support its conclusory allegations that defendants are alter egos of each other and are a "single employer" under Section 301 of the Labor Management Relations Act ("LMRA") and therefore fails to state a claim for which relief can be granted. For the reasons stated below, defendants' motions will be denied.

*I.* **BACKGROUND**

On May 27, 2016, plaintiff filed a complaint against defendants Acme Erectors, Inc., and HCH Construction, Inc. Plaintiff ("Union") alleges that a collective bargaining agreement was entered into by the Union and defendant Acme Erectors, Inc., ("Acme"). The collective bargaining agreement requires that Acme pay wages to its covered employees according to the wage rates specified in the collective bargaining agreement and make fringe benefit contributions to certain employee benefit plans established and maintained for the purpose of providing retirement, medical, and other benefits for

employees of contractors, such as Acme, who enter into collective bargaining agreements with the Union. The complaint alleges that defendant HCH Construction, Inc., ("HCH") is an alter ego of Acme, that the two are a "single employer" under federal labor law, and that HCH is bound to the collective bargaining agreement to the same extent as Acme.

**Count One: Alter Ego**

8. Upon information and belief, Defendants Acme and HCH have shared, and continue to share, substantially identical and/or common management and/or control of labor relations, business purpose, operations, equipment, customers and/or types of customers, supervision, ownership, and/or financial control.

9. Upon information and belief, Defendant HCH has been operated as an artifice and a sham so as to avoid the obligations imposed under the [collective bargaining agreement].

* * * * *

11. Defendants Acme and HCH are operated without any regard for their supposed corporate separateness from each other, and are disguised forms of the same entity. Defendant HCH was formed and/or has been operated so as to evade the responsibilities imposed under the [collective bargaining agreement] to which Acme is signatory. As such, Defendants Acme and HCH are alter egos; Defendant HCH is bound to the [collective bargaining agreement] to the same extent as is Defendant Acme; and Plaintiff is entitled to pierce the corporate veils of Defendants and to enforce against Defendant HCH all obligations imposed under the [collective bargaining agreement], including the obligations to pay wages to the employees of HCH at the rates established by the [collective bargaining agreement], and the obligation to remit fringe benefit contributions to the employee benefit plans specified in the [collective bargaining agreement].

12. Defendant HCH has failed to pay all of its employees wages at the rates established under the [collective bargaining agreement], and further, has failed to remit fringe benefit contributions to the employee benefit plans specified in the [collective bargaining agreement]. Accordingly, Defendant HCH, and its alter ego Defendant Acme, are in breach of the [collective bargaining agreement].

**Count Two: Single Employer**

14. Defendants Acme and HCH share interrelated operations, common management, centralized control of labor relations, and/or common ownership or financial control. As such, Defendants Acme and HCH are single employers under federal labor law; Defendant HCH is bound to the [collective bargaining agreement] to the same extent as is Defendant Acme; and Plaintiff is entitled to enforce against Defendant HCH all obligations imposed under the [collective bargaining agreement], including the obligations to pay wages to the employees of HCH at the rates established by the [collective bargaining agreement], and the obligation to remit fringe benefit contributions to the employee benefit plans specified in the [collective bargaining agreement].

15. Defendant HCH has failed to pay all of its employees wages at the rates established under the [collective bargaining agreement], and further, has failed to remit fringe benefit contributions to the employee benefit plans specified in the [collective bargaining agreement]. Accordingly, Defendants HCH and Acme, as a single employer, are in breach of the [collective bargaining agreement].

On July 13, 2016, defendant Acme filed a motion to dismiss the complaint (document number 15) on the ground that the complaint lacks any facts to support its conclusory allegations and therefore the complaint fails to state a claim against Acme under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"). On July 19, 2016, defendant HCH filed a motion to dismiss (document number 17), merely incorporating the motion to dismiss previously filed by defendant Acme. On July 27, 2016, plaintiff filed a response to both motions (document number 18) arguing that the factual basis in the complaint is incorrectly considered a legal conclusion in defendants' motions. On August 15, 2016, Acme filed a reply (document number 20) which was incorporated by reference into a reply filed by HCH the same day (document number 21).

3

## *II. MOTION TO DISMISS*

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. Ritchie Capital Management, L.L.C. v. Jeffries, 653 F.3d 755, 764 (8th Cir. 2011); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-1024 (8th Cir. 2008), cert. denied, 555 U.S. 1136 (2009). In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools, 591 F.3d 624, 629 (8th Cir. 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999) (quoting

4

Redland Ins. Co. v. Shelter Gen. Ins. Cos., 121 F.3d 443, 446 (8th Cir. 1997))). "The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d at 848 (quoting Parkhill v. Minn. Mut. Life Ins. Co., 286 F.3d 1051, 1057-1058 (8th Cir. 2002)).

### A.	COUNT ONE - ALTER EGO

Defendants argue the plaintiff has failed to plead "any facts" demonstrating that HCH is the alter ego of Acme. "The two paragraphs of the facts section that address alter ego status reference Plaintiff's mere unsubstantiated 'beliefs.' . . . While Plaintiff may believe that Acme and HCH have satisfied the elements required for alter ego status and that 'HCH has been operated as an artifice and sham so as to avoid the obligations imposed under the CBA," this factually unsupported hypothesis alone cannot defeat a motion to dismiss." (Acme suggestions in support, p. 5). Defendant's argument is without merit.

The alter ego doctrine developed under the National Labor Relations Act, 29 U.S.C. §§ 151 et seq., focuses "on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement." Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997) (quoted case omitted); see also Trustees of the Graphic Commc'ns Int'l Union Upper Midwest v. Bjorkedal, 516 F.3d 719, 727 n. 2 (8th Cir. 2008) (citing cases); Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d 952 (E.D. Mo. 2007).

5

"The essential inquiry under the alter ego analysis is '[w]hether there was a bona fide discontinuance and a true change of ownership . . . or merely a disguised continuance of the old employer.'" Iowa Express Distr., Inc. v. N.L.R.B., 739 F.2d 1305, 1310 (8th Cir. 1984) (quoting Southport Petroleum Co. v. N.L.R.B., 315 U.S. 100, 106 (1942)).

"In determining whether two business entities are alter egos, . . . courts consider a variety of factors, including whether the two entities have substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership." Midwest Precision Heating and Cooling, Inc. v. N.L.R.B., 408 F.3d 450, 458 (8th Cir. 2005) (cited case omitted). In the alter ego analysis, "one of the most important [factors] is the existence of continued control or ownership by the owner of the discontinued company." Iowa Express Distr., Inc. v. N.L.R.B., 739 F.2d at 1310 (cited case omitted). Another key factor is "whether a motive for the new entity's taking over of the operations of the old entity was to evade responsibilities under the Act and whether dealings between the two entities were at arm's length." Midwest Precision Heating and Cooling, Inc. v. N.L.R.B., 408 F.3d at 458-459 (cited case omitted). This test is flexible, so the lack of any particular factor does not preclude a finding of alter ego status. Id. at 459 (citing N.L.R.B. v. Campbell-Harris Elec., Inc., 719 F.2d 292, 296 (8th Cir. 1983) (affirming NLRB finding that ownership and management of first company, a two-man partnership, was substantially identical to that of second company, a sole proprietorship)); Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F. Supp.2d at 955.

Contrary to defendants' argument, the complaint includes a factual basis for plaintiff's claim of alter ego. Whether two business entities share substantially identical

or common management or control of labor relations is a fact supporting a finding that the entities are alter egos. Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d 952, 954 (E.D. Mo. 2007).  Whether the two entities share a common business purpose is also a fact supporting the conclusion that they are alter egos.  Carpenters' District Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC, 155 F.Supp.3d 951, 958 (E.D. Mo. 2015); Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d at 954.  Whether the two business entities have common operations is a fact supporting the alter ego conclusion.  Carpenters' District Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC, 155 F.Supp.3d at 958-959; Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d at 954.  Use of common equipment is a fact supporting the alter ego conclusion.  Carpenters' District Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC, 155 F.Supp.3d at 959-960; Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d at 954.  Common supervision is a fact supporting the conclusion of alter egos.  Carpenters' District Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC, 155 F.Supp.3d at 957-958.  Common ownership is a factual finding supporting a legal conclusion of alter egos.  Carpenters' District Council of Greater St. Louis and Vicinity v. F.G. Lancia Custom Woodworking, LLC, 155 F.Supp.3d at 957; Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 552 F.Supp.2d at 954 ("the evidence shows that John Dickinson owned, controlled and operated all three companies").

Defendant cites Schultz v. Ability Ins. Co., 2012 WL 4794365 (N.D. Iowa, October 9, 2012), in support of its position that the allegations in the instant complaint are nothing more than legal conclusions, quoting the following: "[S]imply alleging that Ability Resources is the alter ego of Ability Insurance, without more, fails to satisfy the pleading requirements of Iqbal and Twombly." However, the court in Schultz noted that a unity of interest and ownership was a factual allegation supporting a finding of alter ego, whereas defendant here argues the opposite. Schultz does not support defendant's position.[1]

Federal Rule of Civil Procedure 8 does not require that the complaint's factual allegations include the evidence that will be used to prove those factual allegations. Bell Atlantic Corporation v. Twombly, 550 U.S. at 556 (Federal Rule of Civil Procedure 8 "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support the claim). All that is required at the pleading stage is fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved. The facts pled in this complaint give defendants fair notice that plaintiff's alter ego claim is based on the plaintiff's belief and intent to offer evidence to support the belief that defendants share common management, control of labor relations, business purpose, operations, equipment, customers, supervision,

---

[1] I also note here, as plaintiff points out in its response, that the alter ego doctrine as developed under the National Labor Relations Act involves a more lenient standard for disregarding the corporate form than that employed in corporate law, which was the case in Schultz. See Greater Kansas City Laborers Pension Fund v. Superior General Contractors, Inc., 104 F.3d 1050, 1055 (8th Cir. 1997).

ownership and financial control. It is only at the summary judgment stage or trial that evidence to prove those facts will be required.

**B. COUNT TWO - SINGLE EMPLOYER LIABILITY**

Defendants raise the same argument with respect to plaintiff's second claim. "Plaintiff does not plead any facts, let alone facts sufficient to state a plausible claim that a 'single employer' relationship exists between Acme and HCH. Plaintiff merely offers a conclusory statement that 'Defendants Acme and HCH share interrelated operations, common management, centralized control of labor relations, and/or common ownership for financial control." (Acme suggestions in support, p. 7).

Under the single employer doctrine, two or more related enterprises are treated "as a single employer for purposes of holding the enterprises jointly to a single bargaining obligation or for the purpose of considering liability for any unfair labor practices." Kansas City S. Transp. Co., Inc. v. Teamsters Local Union #41, 126 F.3d 1059, 1062 (8th Cir. 1997) (citing Iowa Exp. Distribution, Inc. v. N.L.R.B., 739 F.2d 1305, 1310 (8th Cir. 1984)). The Eighth Circuit has adopted a four-part test to determine whether two corporate entities should be viewed as a single employer of the plaintiff under the LMRA. Pulitzer Pub. Co. v. N.L.R.B., 618 F.2d 1275, 1278-1279 (8th Cir. 1980). See also Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. 255, 256 (1965); Russom v. Sears, Roebuck & Co., 415 F. Supp. 792, 796-797 (E.D. Mo. 1976), aff'd sub nom. 558 F.2d 439 (8th Cir. 1977). These factors include:

1. Interrelation of operations,

2. Centralized control of labor relations,

9

3. Common management, and

4. Common ownership or financial control.

Radio & Television Broad. Technicians Local Union 1264 v. Broad. Serv. of Mobile, Inc., 380 U.S. at 256. "No one of these factors is controlling nor need all criteria be present; single employer status is a factual question that ultimately depends upon all the circumstances of the individual case." Id.

For the same reasons as stated above with respect to count 1 of the complaint, I find that the requirements of Federal Rule of Civil Procedure 8 have been met here. Defendants have been given fair notice that plaintiff's single employer claim is based on the plaintiff's belief and intent to offer evidence to support the belief that defendants share common management, control of labor relations, business purpose, operations, equipment, customers, supervision, ownership, and financial control. No more is required at the pleading stage.

### III. CONCLUSION

Based on the above, I find that each count of the complaint sets forth enough facts to state a claim to relief that is plausible on its face. Therefore, it is

ORDERED that defendants' motions to dismiss are denied.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
October 17, 2016